**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| FIELDING HOME FOR FUNERALS,  )<br>                                                       )<br>            Plaintiff,                               )<br>                                                       )<br>                        v.                           )        C.A. No.: 2:05-2336-PMD<br>                                                       )                **ORDER**<br>AMERICAN FAMILY LIFE               )<br>ASSURANCE COMPANY OF         )<br>COLUMBUS,                                    )<br>                                                       )<br>            Defendant.                         )<br>_____) | |

This matter is before the court upon Plaintiff's Motion to Remand. For the reasons set forth herein, Plaintiff's motion is denied.

**BACKGROUND**

In 1999, Defendant American Family Life Assurance of Columbus ("AFLAC" or "Defendant") issued a policy of insurance on the life of Annette Desaussure (the "Policy") with a face value of $25,000, and with Bruce Desaussure as the beneficiary. (Complaint, ¶ 4.) The Policy was part of an employee welfare benefit plan sponsored and maintained by Mr. Desaussure's employer, ATC/VANCOM. (Notice of Removal, ¶¶ 3-5.) As such, the Policy is part of an ERISA-governed plan. (Def. Op. to Mot. at 3-4; Pl. Mot. to Remand at 2.) On July 20, 2002, following the death of Annette Desaussure, Bruce Desaussure entered a contract with Plaintiff Fielding Home for Funerals ("Plaintiff") that provided that the proceeds of the Policy would be paid to Plaintiff within 90 days to cover payment of all charges incurred for funeral goods and services. (Complaint, ¶ 8.) Plaintiff would pay any remaining balance to Mr. Desaussure. (Complaint, ¶ 8.) On August 5, 2002, Mr. Desaussure executed an irrevocable Assignment and Special Power of Attorney which assigned to Plaintiff the full value of the Policy. (Complaint, ¶ 11.) AFLAC issued a check in the

amount of $25,000 to Plaintiff dated September 23, 2002. (Complaint, ¶ 14.) Shortly thereafter, AFLAC stopped payment on the check. (Complaint, ¶ 18.)

In this action, Plaintiff, as assignee of a beneficiary of the Policy, seeks to recover life insurance benefits from AFLAC. Plaintiff brought suit in state court alleging (1) bad faith, (2) breach of contract accompanied by fraudulent act, (3) fraud, (4) constructive fraud, (5) violation of South Carolina Unfair Trade Practices Act, (6) punitive damages, (7) breach of contract, and (8) negligence.

Defendant, asserting that Plaintiff's claims were preempted by ERISA, removed the case to federal district court. Plaintiff now moves to remand this case to state court.

## ANALYSIS

Plaintiff argues that its state law claims are not preempted by ERISA because (1) its complaint alleges estoppel claims that do not require interpretation of an ERISA plan; (2) the Notice of Removal references an ERISA disability policy, not the Policy for life insurance assigned to Plaintiff; and (3) Plaintiff is not a plan participant or beneficiary and therefore has no standing to bring an ERISA suit.

Conversely, Defendant raises three arguments in support of removal jurisdiction.[1] Defendant argues (1) that Plaintiff's claims fall squarely within the scope of the civil enforcement mechanism provided by ERISA's § 502(a) and are accordingly completely preempted; (2) that,

---

[1] The court notes that the burden of demonstrating that removal jurisdiction adheres in this court resides with Defendant, "the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Moreover, the court is obliged to narrowly interpret removal jurisdiction because the removal of proceedings from state courts raises "significant federalism concerns." *Id.*

regardless of the wording of the Notice of Removal,[2] Plaintiff does not dispute that the Policy assigned to Plaintiff was an ERISA-governed plan; and (3) that Plaintiff, as an assignee of the rights of a beneficiary, has standing to bring suit under ERISA.

**Complete Preemption**

Typically, an action initiated in a state court can be removed to federal court only "if it might have been brought in [federal court] originally." *Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 186 (4th Cir. 2002) (internal quotation marks omitted). The federal courts possess original jurisdiction over, among other things, "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

"There is one corollary to the well-pleaded complaint rule." *King v. Marriott International, Inc.,* 337 F.3d 421, 424- 25 (4th Cir. 2003). While "federal preemption is ordinarily a federal defense to the plaintiff's suit[,]" and is generally "insufficient to allow the removal of the case to federal court," "in some cases, federal law so completely sweeps away state law that any action purportedly brought under state law is transformed into a federal action that can be brought originally in, or removed to, federal court." *Id.* at 424; *see also Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8 (2003) (holding that "when a federal statute wholly displaces the state-law cause of action through complete preemption" the state law claim may be removed). The "operation of this rule has come to be known as the doctrine of complete preemption." *King,* 337 F.3d at 425 (noting

---

[2] Without further discussion, the court finds that a typographical error in the Notice of Removal specifying "disability benefits" rather than "life insurance benefits" is not sufficient to invalidate an otherwise proper removal to federal court. The Notice of Removal properly contains the requisite "short and plain statement of removal" and therefore is not deficient. 28 U.S.C. § 1446(a).

that when complete preemption exists, "the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute"); *Sonoco Prod. Co. v. Physicians Health Plan, Inc.,* 338 F.3d 366, 371 (4th Cir. 2003) ("The jurisdictional doctrine of complete preemption . . . provide[s] a basis for federal jurisdiction: where Congress so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character the state law claims are converted into federal claims, which may be removed to federal court.").

"The only state law claims properly removable to federal court are those that are completely preempted by ERISA's civil enforcement provision, § 502(a)." *Sonoco Prod. Co.,* 338 F.3d at 371. In the words of the Supreme Court, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc. v. Davila,* 124 S.Ct. 2488, 2495 (2004); *see also Darcangelo*, 292 F.3d at 187 (emphasizing that the civil enforcement provision completely preempts state law claims that come within its scope and converts these state claims into federal claims under § 502).

Thus, the question of whether this court possesses jurisdiction over the matter *sub judice* turns wholly on the question of whether any of Plaintiff Fielding Funeral Home's claims are completely preempted by ERISA's civil enforcement mechanism, § 502. The Fourth Circuit has adopted the Seventh Circuit's test for determining whether a state law claim is completely preempted by § 502. *See Sonoco Prod. Co.* at 372. Pursuant to this test, a state law claim is completely preempted if the following three requirements are satisfied:

> (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must fall[ ] within the scope of an ERISA provision that [it] can enforce via § 502(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, i.e., an ERISA-governed employee benefit plan.

*Id.*; *see also Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1487 (7th Cir. 1996); *Butero*

*v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999) (applying similar standard in complete preemption analysis).

As a threshold matter, the court notes that neither party structures its arguments within the three part test for complete preemption announced by *Sonoco Prod. Co*. Nonetheless, after *Sonoco Prod. Co.,* it is appropriate for the court to address the arguments and structure its analysis, insofar as possible, into the three-pronged test described above.

### 1. Whether Plaintiff has Standing to Pursue an ERISA Claim under § 502(a)

Section 502(a)(1)(B) confers a cause of action upon "participants," "beneficiaries," and "fiduciaries" of ERISA plans. *Sonoco,* 338 F.3d at 372. Plaintiff argues that "[c]omplete pre-emption applies to ERISA § 502(a) claims, which are brought by a plan participant or beneficiary (*not a funeral home*) to enforce the terms of the plan." (Pl. Mot. to Remand at 2.) Defendant responds that Plaintiff, as an assignee of ERISA benefits, stands in the shoes of the beneficiary and thus has standing to pursue an ERISA claim under § 502(a). (Def. Op. to Mot. at 9.)

While the Fourth Circuit has yet to publish an opinion addressing this issue,[3] district courts of this Circuit hold that third-party health care providers may sue under § 502(a) when the provider is specifically assigned the beneficiary's rights under the ERISA plan. *See e.g., Peninsula Reg'l Med. Ctr. v. Mid- Atl. Med. Serv., LLC.*, 327 F.Supp.2d 572, 576 (D.Md. 2004); *Nat. Ctr. for Facial Paralysis, Inc. v. Wal-Mart Claims Admin. Group Health Plan,* 247 F.Supp.2d 755 (D.Md. 2003);

---

[3] In an unpublished opinion, *Yarde v. Pan American Life Ins*., 67 F.3d 298, 1995 WL 539736, **5 (4th Cir. 1995), the Fourth Circuit did hold that, while it was "loathe to ignore the legislature's specificity regarding who was entitled to bring claims under ERISA," narrow exceptions to the rule could be allowed as necessary to avoid frustrating the underlying purpose of ERISA. In the *Yarde* case, the plaintiff was not expressly assigned ERISA benefits by a beneficiary; nonetheless, the Court noted that an assignee of ERISA benefits "stands in the shoes of the assignor, and if the assignment is valid, has standing to assert whatever rights the assignor possessed." *Id.* (quoting *Misic v. Bldg. Serv. Employee's Health*, 789 F.2d 1374, 1378 n. 4 (9th Cir. 1989)).

*Drs. Reichmister, Becker, Smulyan and Keehn, P.A. v. United HealthCare of Mid-Atlantic, Inc.*, 93 F.Supp.2d 618, 620 (D.Md. 2000). Other Circuits also clearly state that § 502(a)(1)(B) can supply jurisdiction even when the claimant sues only in his capacity as an assignee of a participant or beneficiary. *See, e.g., Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1277 (6th Cir. 1991); *Kennedy v. Connecticut General Life Ins. Co.,* 924 F.2d 698, 700 (7th Cir. 1991); *Michael Reese Hosp. and Medical Ctr. v. Solo Cup Employee Health Benefit Plan,* 899 F.2d 639, 640 (7th Cir. 1990); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 250 (5th Cir. 1990); *Misic v. Bldg. Serv. Employee's Health*, 789 F.2d 1374 (9th Cir. 1989); *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988). After considering the widespread acceptance of assignee standing both on the district court level and in other Circuits, the court adopts this theory of standing. As such, where a beneficiary makes a valid assignment of his rights under an ERISA plan, the assignee, standing in the shoes of the beneficiary, has standing under § 502(a)(1)(B) to bring suit.

In this case, it is unchallenged that (1) the Policy is an ERISA-governed life insurance plan; (2) Mr. Desaussure was the proper beneficiary under the Policy; and (3) Mr. Desaussure effectively assigned his benefits under the Policy to Plaintiff. Accordingly, pursuant to a valid assignment by an ERISA beneficiary, Plaintiff has standing to bring suit as an assignee.

**2.      Whether Plaintiff's Claims Fall Within the Scope of An ERISA Provision Enforceable via § 502(a)**

Under § 502(a), a participant or beneficiary may be bring a civil action (1) to recover benefits due under the terms of his plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan; (2) for a breach of fiduciary duty against a plan fiduciary; or (3) "to enjoin any act or practice which violates any provision of this subchapter or the terms of

the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a) (1)-(3).

Plaintiff argues that it "alleges claims in the nature of estoppel" and does not assert an actual claim on the Policy itself. (Pl. Mot. to Remand at 2.) In response, Defendant refers the court to Plaintiff's breach of contract claims which it believes provide Plaintiff with a right of action under §502(a).[4] (Def. Op. to Mot. at 6.) These claims allege that AFLAC breached a contract by failing to pay Plaintiff benefits under the ERISA-governed life insurance Policy. As such, Defendant argues that these breach of contract claims "plainly seek to enforce the terms of an ERISA-governed contract." (Def. Op. to Mot. at 6.) Defendant correctly notes that the Fourth Circuit has held that "an action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA § 502 and is therefore related to an ERISA plan and is preempted by § 514." *Darcangelo v. Verizon Commc'n Inc*., 292 F.3d 181 (4th Cir. 2002).

The court agrees that Plaintiff, standing in the shoes of the beneficiary, seeks to recover benefits due under the terms of the Policy through state law causes of action. Accordingly, the court rejects Plaintiff's contention that, because it is only seeking an estoppel remedy, its claims are not preempted by the ERISA civil remedies provision.

---

[4] While Defendant correctly argues that removal is proper even if only the breach of contract claims are preempted by ERISA, the court notes that *all* of Plaintiff's claims - negligence, bad faith, SCUTPA, punitive damages, constructive fraud, and fraud - are "within the scope" of ERISA and therefore preempted. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65-66 (1987). The Supreme Court has established that ERISA impliedly preempts both state law contract claims and state law bad faith remedies because such state law remedies, whether common law or statutory, "conflict" with ERISA's civil enforcement provision. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ("Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

### 3. Whether Plaintiff's Claims Are Capable of Resolution Without the Interpretation of an ERISA-Governed Employee Benefit Plan

The third prong of the complete preemption test announced in *Sonoco Prods. Co.* considers whether a plaintiff's claims can be resolved without the interpretation of an ERISA-governed benefit plan. If the claims at issue necessarily require the court to interpret an ERISA plan, then complete preemption applies.

As discussed above, Plaintiff, through state law claims, is seeking to enforce the terms of an ERISA-governed life insurance policy. Clearly, these claims are not capable of resolution without the interpretation of the ERISA-governed Policy at issue. As such, this prong of the *Sonoco Prods. Co.* test is easily met.

In conclusion, the court finds that Plaintiff (1) has assignee standing, (2) seeks to recover benefits under the terms of the ERISA-governed Policy, and (3) asserts claims that require interpretation of an ERISA-governed Policy. As such, Plaintiff's state law claims are completely preempted by ERISA pursuant to the test set forth in *Sonoco Prod. Co.* Accordingly, this court has subject matter jurisdiction and removal to this court from state court was proper.

### CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Motion to Remand is hereby **DENIED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 31, 2005**